[Cite as *State v. Hayes*, 2017-Ohio-7185.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 16AP-531 |
| | | (C.P.C. No. 15CR-1526) |
| Desjuan L. Hayes, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

# D E C I S I O N

## Rendered on August 10, 2017

---

**On Brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee. **Argued:** *Valerie Swanson.*

**On Brief:** *The Law Office of Thomas F. Hayes, LLC*, and *Thomas F. Hayes*, for appellant. **Argued:** *Thomas F. Hayes.*

---

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Desjuan L. Hayes is appealing from his conviction for murder and felonious assault with associated firearm specifications. He assigns four errors for our consideration:

> [I.] Desjuan was deprived of his constitutional right to effective assistance of counsel.
>
> [II.] The court failed to remove, question, or otherwise investigate a juror who slept during Erica's testimony.
>
> [III.] The cumulative effect of the errors described above was deprivation of the right to a fair trial.

[IV.] The convictions are contrary to the manifest weight of the evidence.

{¶ 2}   Hayes was convicted after a six-day jury trial and subsequently sentenced to incarceration for a term of 21 years to life.

{¶ 3}   In 2014, Michael Cumberland was shot while standing on the front porch of his home. Erica Haley who was standing nearby was also shot. Cumberland died as a result of his injuries. Haley survived and testified at trial that Hayes was the shooter.

{¶ 4}   There is no question that Cumberland was shot and killed and that Haley was shot in the head. Part of the evidence at trial was a surveillance video of the shootings. Again, the fact of the crime is not in dispute. The only issue at trial was the identity of the shooter.

{¶ 5}   Haley spent a significant portion of her day with Markiesha Morris, a friend who happened to be a half-sibling of Hayes. Morris and Haley had parted company for the evening before the shootings occurred, but Morris viewed the surveillance video of the shootings and testified that Hayes had been wearing clothes like that seen on the shooter in the surveillance video when they were together earlier.

{¶ 6}   Haley, Hayes, and two other women had been given a ride earlier by Da'Varus Cornett. Cornett testified about the time he spent with Haley, Hayes, and the other friends.

{¶ 7}   Although Haley suffered serious brain damage as a result of the shooting, her testimony, when linked with the surveillance video of the shootings, clearly supported the jury's verdicts that Hayes was the shooter. Testimony by way of an alibi defense that Hayes was in Indiana at the time was seriously less than convincing.

{¶ 8}   Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury.

{¶ 9}   *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. *Id.* "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the

syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks* at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. *See Thompkins* at 387.

{¶ 10} Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. *Thompkins* at 387. In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983); *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995). Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387.

{¶ 11} As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, *see* [*State v.*] *DeHass* [10 Ohio St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996). It was within the province of the jury to make the credibility decisions in this case. *See State v. Lakes* 120 Ohio App. 213, 217 (4th Dist.1964), ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness.")

{¶ 12} *See State v. Harris*, 73 Ohio App.3d 57, 63 (10th Dist.1991) (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render verdict against the manifest weight).

{¶ 13} Applying the same legal standard we applied above, we overrule the fourth assignment of error.

{¶ 14} The first assignment of error alleges that trial counsel for Hayes rendered ineffective assistance of counsel because trial counsel did not object to leading questions

submitted to Haley. We find no fault with trial counsel's performance in defense of Hayes.

{¶ 15} Haley suffered extremely serious brain damage as a result of being shot in the head. Evid.R. 611(C) clearly allows the use of leading questions to develop the testimony of a witness. Usually the leading questions are allowed to help a child develop his or her testimony. The same theory can apply for a witness who has suffered serious brain damage, including a party's loss of memory. Trial counsel's performance was more than sufficient to meet the Sixth Amendment standard for effective assistance of counsel.

{¶ 16} The first assignment of error is overruled.

{¶ 17} The second assignment of error alleges that the court should have removed a juror from the panel because the juror slept through at least part of the testimony of Haley.

{¶ 18} There seems to be agreement of the parties that the person identified as Juror No. 2 dozed off on more than one occasion. While such conduct is not acceptable, there is no indication in the record before us that the outcome of the trial was affected.

{¶ 19} The surveillance video of the shooting clearly showed Michael Cumberland and Erica Haley being shot. The trial court judge stated on the record that she was keeping an eye on the situation and felt that the juror has been awake for the important testimony, namely the testimony which helped identify the shooter.

{¶ 20} Without a suggestion from either party that the juror could not fulfill the duties incumbent on a juror, we cannot find plain error in the trial court judge's failure to sua sponte dismiss the juror and seat an alternate.

{¶ 21} The second assignment of error is overruled.

{¶ 22} Having found no error in the other assignments of error, we cannot find cumulative error. Therefore the third assignment of error is overruled.

{¶ 23} All four assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

———————————